UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS S. HOOD, SR., and on    )
behalf of his son FRANCIS S.    )
HOOD, JR.,                      )
            Plaintiff,          )
                                )
            v.                  )    C.A. No. 05-40144-FDS
                                )
COMMONWEALTH OF MASSACHUSETTS    )
UXBRIDGE DISTRICT COURT; JUDGE    )
PAUL A. LOSAPIO; and ANNEMARIE    )
HOOD,                           )
            Defendants.         )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to
proceed without prepayment of fees is denied without prejudice to
refiling with a copy of his certified prison account statement
within forty-two (42) days of the date of this Memorandum and
Order.   If plaintiff submits a new application to proceed
without prepayment of the filing fee accompanied by a copy of his
prison account statement, he shall also demonstrate good cause
why this action should not be dismissed for the reasons stated
below.   Plaintiff's remaining motions are denied without
prejudice.

BACKGROUND

On August 23, 2005, plaintiff Francis S. Hood, Sr., an
inmate now confined to the Worcester County Jail and House of
Correction, filed his self-prepared complaint on behalf of

himself and his minor son[1].  With the complaint, plaintiff filed

an application to proceed without prepayment of the filing fee,

two motions for appointment of counsel, one motion for

appointment of a guardian ad litem, and a motion for temporary

injunctive order.

Plaintiff's complaint is brought against (1) the Uxbridge

District Court, (2) one state court judge; and (3) Annemarie

Hood, apparently the mother of plaintiff's son.  The complaint

states in a summary fashion that on September 29, 2004, defendant

Annemarie Hood "did go to the Uxbridge District Court and make

false allegations of abuse and other perjurous (sic) claims to

obtain custody of Francis S. Hood, Jr."  Complaint ("Compl."), ¶

4.  The same day, Judge Losapio issued an order [that granted

custody to Annemarie Hood and] that deprived plaintiff and his

son of their "fundamental liberty interests."  Id. at ¶¶ 5-7.

Plaintiff alleges that his son "received serious and permanent

injuries as a direct result of the illegal and unconstitutional

order."  Id. at ¶ 8.  Finally, plaintiff alleges on January 17,

2005, he was arrested at his home and held without bail for

---

[1]Generally, a plaintiff who is not an attorney may only
represent himself, not any other party.  See Feliciano v. DuBois,
846 F. Supp. 1033, 1039 (D. Mass. 1994); L.R. 83.5.3(c) ("A
person who is not a member of the bar of this court .... will be
allowed to appear and practice before the court only in his own
behalf."); accord Cheung v. Youth Orchestra Found. of Buffalo,
Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not
bring an action on behalf of child without representation by
counsel).

allegedly violating the September 2004 order issued by Judge Losapio.  Id. at ¶ 9.  Plaintiff seeks equitable and monetary relief.

## DISCUSSION

I.    The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee ("Application").  See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).

To proceed with an action in forma pauperis, a prisoner must complete an Application to Proceed Without Prepayment of Fees and Affidavit and return it to the court with a certified copy of the prisoner's trust account statement showing the transactions for the previous six months.  See 28 U.S.C. § 1915 (a)(1), (a)(2). The court then assesses, and when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915 (b)(1).

Here, plaintiff submitted an Application to Proceed Without

3

Prepayment of Fees as required under Section 1915(a)(1).
However, he failed to provide the a six-month account statement
as required by Section 1915(a)(2).

To enable this Court to calculate the amount, if any, that
plaintiff must initially pay pursuant to Section 1915(b)(1),
plaintiff must file a copy of his prison account statement for
the six-month period preceding the filing of the complaint.
Plaintiff will be granted additional time to do so.  If plaintiff
fails to do so in a timely fashion, this action will be subject
to dismissal for failure to pay the filing fee.

II.   The Court May Screen This Action

Because plaintiff is a prisoner, he also is advised that he
is subject to the provisions of the Prison Litigation Reform Act.
The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of
Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several
provisions which grant this Court the authority to screen and
dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings
in forma pauperis); 28 U.S.C. § 1915A (screening of suits against
governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in
which a plaintiff seeks to proceed without prepayment of fees if
the action lacks an arguable basis either in law or in fact,
Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action
fails to state a claim on which relief may be granted or seeks

4

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. 1915(e)(2).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

If plaintiff submits a new Application accompanied by his account statement, the Court will screen plaintiff's complaint on the merits pursuant to its authority under these provisions. Even construing plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's action is subject to dismissal for the reasons stated below.

A.  Plaintiff's Claims Under Section 1983

To the extent plaintiff's constitutional claims are construed pursuant to 42 U.S.C. § 1983, such claims are subject to dismissal.  A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a

5

right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

    i.    Plaintiff Cannot Challenge His
          Conviction Unless He Can Prove It Was Overturned

    To the extent that plaintiff seeks to challenge his criminal conviction, such relief must be sought through a petition for writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 489-490, 93 S. Ct. 1827, 1835-1837 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500, 93 S.Ct. at 1841. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994) (citing Preiser v. Rodriquez, 411 U.S. at 488-490.

    The Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under Section 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and

6

sentence.  Heck, 512 U.S. at 486 - 487.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  Heck at 487, 114 S.Ct. at 2372.  Because plaintiff has not shown that his conviction has been invalidated, Heck would preclude a claim by plaintiff for damages, and such claim is subject to dismissal.

ii.  Plaintiff's Claims Against the State Court

To the extent plaintiff asserts a civil rights claim against the Uxbridge District Court, he cannot do so.  The Massachusetts Appeals Court and Trial Court were created pursuant to Massachusetts General Laws Chapters 211A (Appeals Court) and 211B (Trial Court of the Commonwealth).  It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Because the courts are considered an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States Constitution.  See Will

7

v. Michigan Department of State Police, 491 U.S. 58, 66 (1989);
Forte v. Sullivan, 935 F.2d 1 n. 2 (1ˢᵗ Cir. 1991). Therefore,
the claims against the Uxbridge District Court are subject to
dismissal.

### iii. Plaintiff's Claims Against Judge Losapio

To the extent plaintiff complains of the actions taken by
Judge Losapio, this judicial defendant is immune from suit.   The
Supreme Court has conclusively granted absolute immunity to
judges from damage liability for acts of a judicial nature.
Forrester v. White, 484 U.S. 219, 227-229, 108 S. Ct. 538, 98 L.
Ed. 2d 555 (1988); see also Stump v. Sparkman, 435 U.S. 349,
355-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judicial
immunity applies to actions brought under 42 U.S.C. § 1983 for
acts committed within the scope of judicial duties, "even when
such acts are in excess of their jurisdiction, and are alleged to
have been done maliciously or corruptly." Stump, 435 U.S. at
356.  "[A] judge will not be deprived of immunity because the
action he took was in error, was done maliciously, or was in
excess of his authority; rather, he will be subject to liability
only when he has acted in the clear absence of all jurisdiction."
Id. at 356-37; see also Forrester, 484 U.S. at 227 (a judicial
act "does not become less judicial by virtue of an allegation of
malice or corruption of motive").

In this case, the claims against Judge Losapio are based on

8

acts performed in his capacity as presiding judge over legal proceedings in the Uxbridge District Court. There are no facts alleged in the complaint to indicate that defendant Losapio acted in clear absence of jurisdiction. Therefore, the claims against Judge Losapio are subject to dismissal.

      iv.  Plaintiff's Claims Against A Private Party

Plaintiff's Section 1983 claim against Annemarie Hood is subject to dismissal. This defendant is a private party and the complaint fails to allege facts from which it may be inferred that this defendant acted under "color of law." See Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 351 (1st Cir. 1995)(discussing state action requirement). To the extent plaintiff brings this action against Annemarie Hood for her role as a witness, she is absolutely immune from liability for damages for her testimony. See Briscoe v. LaHue, 460 U.S. 325, 329-46, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983).

      B.  Abstention

To the extent that plaintiff is complaining about matters which have not been fully resolved and which are pending in the state court, the Court must abstain from reviewing these claims.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts are required to abstain from issuing federal court injunctions in situations where, absent bad faith, harassment, or a patently invalid state statute, there is a

9

pending state criminal proceeding. Younger, 401 U.S. at 54. The Younger doctrine has been extended to apply to proceedings that are closely related to criminal proceedings, including certain state enforcement and administrative proceedings and matters involving important public interests. See, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592, 594 (1975) (nuisance); Juidice v. Vail, 430 U.S. 327, 334-335 (1977) (civil contempt); Trainor v. Hernandez, 431 U.S. 434, 444-447 (1977) (attempt by state to recover fraudulently-obtained welfare benefits); Moore v. Sims, 442 U.S. 415, 423-426 (attempt by state to obtain child custody); Ohio Civil Rights Comm'n. v. Dayton Christian Schs., Inc., 477 U.S. 619, 627-629 (1986) (state administrative proceedings involving important state interests).

Thus, where plaintiff has not shown he is without remedies in the state court with respect to the same matters he is now trying to raise in this Court, this matter is subject to dismissal.

C. Rooker-Feldman Doctrine

To the extent that plaintiff's claims have been raised and finally concluded in state court, this Court lacks jurisdiction to review the merits of those claims, under the Rooker-Feldman doctrine.

It is well settled that lower federal courts are without subject-matter jurisdiction to sit in direct review of state

10

court decisions pursuant to the Rooker-Feldman[2] doctrine. See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine)). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (Rooker-Feldman doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment

_____

[2]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

11

in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).  Thus, to the extent that plaintiff seeks review of the state court rulings, his claims are subject to dismissal.  Hill, 193 F.3d 33 at 34.  Here, plaintiff's federal constitutional claims appear to be "inextricably intertwined" with the state court proceedings, since plaintiff's arguments concerning child custody as well as his arrest were heard and could have been raised in the state court proceedings.  Accordingly, since the plaintiff's constitutional issues were apparently considered and decided in state court, this Court lacks jurisdiction under the Rooker-Feldman Doctrine.

### III. Plaintiff's Request for Injunctive Relief

Plaintiff has filed a Motion for Temporary Injunctive Order. The motion consists of one paragraph stating "Now comes the plaintiff Francis S. Hood, Sr. and humbly requests the court order the defendants from issuing or obtaining any further orders against the plaintiffs until the resolution of these matters or the court deems it safe or warranted to do so." See Motion, Docket No. 6.

12

This Court may issue a preliminary injunction or temporary restraining order only when the Plaintiff demonstrates: (1) he or she will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he or she is likely to succeed on the merits of the case; and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. V. Bellotti, (641 F. 2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984 F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four-part test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, plaintiff must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on defendants. See Fed. R. Civ. P. 65(a)(1). Additionally, a request for injunctive relief must be accompanied by a certified statement stating the efforts, if any which have been made to give notice and reasons supporting the claim that notice should not be required. Id. Plaintiff's failure to certify his efforts is sufficient by itself to deny the request. See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) ("requirements of Rule 65 ... are not mere technicalities, but

13

establish minimum due process. These requirements must be
strictly complied with to obtain ex parte relief.") (citations
omitted). Because plaintiff has not submitted this document, his
request for a temporary restraining order could be denied on this
basis.

However, plaintiff's claims are subject to dismissal for
failure to state a claim upon which relief may be granted. See
supra., ¶ II. Plaintiff has not demonstrated a likelihood of
success on the merits. Therefore, the Court will deny
plaintiff's motion for temporary injunctive order.

### ORDER

Based upon the foregoing, it is hereby ORDERED

1.  Plaintiff's application to proceed without prepayment
    of fees (Docket No. 2) is DENIED without prejudice. If
    plaintiff wishes to proceed with this action, he shall,
    within 42 days of the date of this Order, either pay
    the $250 filing fee or submit a new, fully completed
    application to proceed without prepayment of fees
    accompanied by a certified copy of his prison account
    statement showing the transactions for the previous six
    months. If plaintiff fails to either pay the filing
    fee or submit a new application accompanied by his
    prison account statement, this action will be dismissed
    for failure to pay the filing fee. The Clerk shall
    send plaintiff a new Application form with a copy of
    this Order.

2.  If plaintiff files an Application accompanied by his
    prison account statement, he shall, within 42 days of
    the date of this Order, demonstrate good cause, in
    writing, why this action should not be dismissed for
    the reasons stated above. If plaintiff fails to
    demonstrate good cause, this action will be dismissed.

3.  Plaintiff's Motion for Temporary Injunction Order
    (Docket No. 6) is DENIED.

14

4.    Plaintiff's Motion to Appoint Counsel (Docket No. 3);
      the Motion to Appoint Counsel for Francis S. Hood, Jr.
      (Docket No. 4); and the Motion to Appoint Guardian Ad-
      Litem (Docket No. 5) are DENIED without prejudice.

SO ORDERED.


_9/19/05_
DATE

                                F. DENNIS SAYLOR IV
                                UNITED STATES DISTRICT JUDGE

15